UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 16 - 3295JJO

UNITED STATES OF AMERICA

vs.

FREDDY JAIRO SOLIS BAQUE,
GREGORY GABRIEL VERA QUINONEZ, and
DIEGO ARMANDO DIAZ QUIROGA,

      Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ____Yes   _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  ____Yes   _X_ No

      Respectfully submitted,

      WIFREDO A. FERRER
      UNITED STATES ATTORNEY

BY: _____
      KEVIN S. QUENCER
      ASSISTANT U.S. ATTORNEY
      Court No. A5501891
      99 N. E. 4th Street
      Miami, Florida, 33132-2111
      TEL (305) 961-9268
      FAX (305) 536-4699

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>FREDDY JAIRO SOLIS BAQUE, GREGORY GABRIEL VERA QUINONEZ, and DIEGO ARMANDO DIAZ QUIROGA,<br><br>*Defendant(s)* | Case No. 16-3295 JJO |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 30, 2016__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Sections 70503(a)(1), and 70506(b); and Title 18, United States Code, Sections 2237(a)(1), 2237(a)(2)(B)(i), and 2.  | Conspiracy to possess with the intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States; and Knowing failure to heave to. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Andree Walker, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __09/22/2016__

_____
*Judge's signature*

City and state: __Miami, Florida__

JOHN O'SULLIVAN, U.S. Magistrate Judge
*Printed name and title*

I, Andree Walker, being duly sworn, hereby depose and state the following:

1. I am a Special Agent with U.S. Immigration and Customs Enforcement, Homeland Security Investigations (hereinafter HSI), and have been so employed since 2008. I am presently assigned the Office of the Special Agent in Charge Miami, Florida, where I am responsible for conducting maritime narcotics smuggling investigations. As a special agent with HSI, I have participated in numerous narcotics investigations involving: physical and electronic surveillance; the control and administration of confidential sources; international drug importations; and domestic drug organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and other narcotics investigators concerning the manner, means, methods and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 19, 21, 31 and 46 of the United States Code.

3. The information contained in this affidavit is submitted for the sole purpose of establishing probable cause that Freddy Jairo SOLIS BAQUE, Gregory Gabriel VERA QUINONEZ, and Diego Armando DIAZ QUIROGA violated Title 46, United States Code, Sections 70503(a)(1) and 70506(b), knowingly and willingly conspiring to possess with intent to distribute cocaine, while on board a vessel subject to the jurisdiction of the

United State; and Title 18, United States Code, Sections 2237(a)(1), 2237(a)(2)(B)(i) and 2, failure to heave to.

4.      Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers and sources involved in this investigation as well as my review of records, documents, and other physical items obtained during the course of this investigation.

5.      On or about August 30, 2016 while on patrol in the Eastern Pacific Ocean, a United States marine patrol aircraft (MPA) sighted a go-fast vessel ("GFV") maneuvering erratically, in international waters, approximately two hundred nautical miles West of Isla de Coco, Costa Rica. The United States Coast Guard Cutter (CGC) *Mohawk* which was on patrol in the vicinity was vectored in to intercept the go-fast vessel. The CGC *Mohawk* launched an over the horizon helicopter and attempted to hail the GFV. The helicopter did not observe any apparent indicia of nationality on the vessel, and observed fuel drums and packages on the deck of the GFV. The helicopter activated its emergency lights, hailed the GFV over a maritime radio channel in English and Spanish, and commanded the GFV to stop. But the GFV instead sped up, swerved away from the helicopter, and then began to maneuver evasively in an attempt to flee the helicopter. The helicopter spotted one crew member driving the boat away while the other crew members were frantically working to string together the small packages on the

2

deck. The crew members were then spotted throwing packages overboard. As the chase continued, the helicopter fired a stitch of warning shots off the front bow of the fleeing GFV. The helicopter did this three times. After the warning shots, the GFV slowed momentarily, before resuming its high speed and evasive flight from the helicopter. After the warning shots, the helicopter shot out the engines of the GFV and the vessel came to a stop.

6. The CGC *Mohawk* launched a small boat for the purpose of identifying and investigating the go-fast vessel. The small boat arrived on scene and observed four crew members and three stripes, yellow, blue and red painted on the left and right side at the back of the vessel's hull, and the name "LA VIRGEN ME LLEVA" stickered onto the starboard bow of the vessel. Boarding team members also realized that the go-fast vessel was taking on water and at risk of sinking. It was later determined that a scuttling valve, or a valve placed on drug trafficker boats to quickly sink the boat if it encounters law enforcement, was open and water was entering the boat through that valve. The boarding team noticed that there were four crew members aboard the GFV, including the three defendants, and one crew member who was lying down. The boarding crew noticed that the fourth crew member was noncompliant with their instructions. The boarding team boarded the vessel and quickly realized that the fourth crew member was injured, with a wound in his abdomen area, and had a weak pulse and was possibly not breathing.

7. The boarding team applied pressure to the wound and administered CPR. While several boarding team members tried to save the life of the downed GFV crewmember, others fought rising water entering the vessel through a scuttling valve and possible bullet hole in the vessel, using pumps, bailing buckets, and attempts to plug the holes. One

3

crew member submerged himself in the rising waters in an effort to plug the hole. After approximately 20-30 minutes of CPR and first aid, a flight surgeon advised telephonically to check for a pulse. None was found. The crewmember was pronounced dead. While the cause of death is not known at this time, one crew member stated that the driver of the boat collapsed and called for help shortly after the disabling shots were fired by the Coast Guard Helicopter.

8. A search of the GFV was conducted and none of the jettisoned packages were recovered. However, ION scans of portions of the vessel revealed positive hits for cocaine. ION scans indicate whether a residue or other small amount of a particular drug is present. In my training and experience, they are accurate. In this case, there were multiple readings from multiple parts of the vessel that indicated a presence of cocaine residue. As the vessel became increasingly unstable, the three crew members and the body were transferred to the coast guard small boat for safety. The Coast Guard identified the three living crewmembers on board the go-fast vessel as the defendants, SOLIS BAQUE and VERA QUINONEZ, citizens and nationals of Ecuador, and DIAZ-QUIROGA, a national of Colombia. The deceased crew member was identified as a citizen and national of Ecuador.

9. The living crew members claimed that the deceased man was the master, that the boat had departed from Esmeralda, Ecuador, and that they were also going to Esmeralda, Ecuador. The living crew members claimed the boat was Ecuadorian, and that they were out delivering fuel. Following a series of information exchanges with Ecuadorian and Colombian officials, those nations could not confirm or deny the registry of the vessel,

and the go-fast was therefore deemed to be without nationality and subject to the jurisdiction of the United States.

10.  With the crew of the go-fast vessel safely on board the Coast Guard small boat, the go-fast vessel capsized. The crew was transferred to the CGC Mohawk along with the suspected narcotics retrieved from the go-fast.

11.  On September 21, 2016, the defendants were flown from outside the United States to the Southern District of Florida, and brought to the Federal Detention Center in Miami, FL.

12.  Based on the foregoing facts, I submit that probable cause exits to believe that, Freddy Jairo SOLIS BAQUE, Gregory Gabriel VERA QUINONEZ, and Diego Armando DIAZ QUIROGA, while on board a vessel subject to jurisdiction of the United States, did knowingly and willfully conspire to possess with the intent to distribute a controlled substance in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b), and Title 18, United States Code, Sections 2237(a)(1), 2237(a)(2)(B)(i) and 2, knowingly fail to heave to.

```
_____
ANDREE WALKER, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
```

Sworn to and subscribed before me this 22nd day of September 2016.

```
_____
JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA
```

5